SPIRES JOE
5582 SWAMP FOX RD
JACKSONVILLE, FL 32210
Telephone:  (904) 568-4053
*(Non represented Plaintiff)*

FILED
5-27-22
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

### DIVISION: JACKSONVILLE

| | |
|---|---|
| SPIRES JOE<br>5582 SWAMP FOX RD<br>JACKSONVILLE, FL 32210<br>Telephone:  (904) 568-4053<br><br>Plaintiffs,<br><br>v.<br><br>City of Jacksonville,<br>The Municipal Code Compliance Division (MCCD)<br>117 W Duval St, Jacksonville, Florida, 32202, United States<br><br>Defendants. | DOCKET NO.: 3:22-cv-594-TJC-LLL<br><br>CIVIL ACTION<br><br>COMPLAINT FOR VIOLATIONS OF:<br><br>(1) THE ENFORCEMENT ACT OF 1871 (17 STAT. 13), ALSO KNOWN AS THE KU KLUX KLAN ACT, THIRD ENFORCEMENT ACT, THIRD KU KLUX KLAN ACT, CIVIL RIGHTS ACT OF 1871, OR FORCE ACT OF 1871,<br>(2) LONG LIST OF OTHER FEDERAL LAWS REGARDING DISCRIMINATION, AND UN CONSTITUTIONAL DEPRAVATION OF RIGHTS. COLOR OF LAW VIOLATIONS, FAILURE TO KEEP FROM HARM<br>[JURY TRIAL DEMANDED] |

**Claim amount $100,000,000.00  (100 million dollars)**

COMPLAINT FOR THE ENFORCEMENT ACT OF 1871

Plaintiffs SPIRES JOE, 5582 SWAMP FOX RD JACKSONVILLE, FL 32210, allege the following:

## I.  NATURE OF THE ACTION

1.      This is an action for relief for systematic racism and discrimination, and violation of The Enforcement Act of 1871 (17 Stat. 13), also known as the Ku Klux Klan Act, Third Enforcement Act, Third Ku Klux Klan Act, Civil Rights Act of 1871, or Force Act of 1871. Plaintiffs is not represented and would like to keep the right to request the court in the future to add other city officials personally to this action, pending on the outcome of a demand for a criminal investigation sent to the US department of justice.

2.      Plaintiffs allege that the city of Jacksonville and it officials are using its power to unlawfully take real estate property from African American community members in predominantly white populated neighborhoods.

3.      Plaintiffs allege that the city of Jacksonville has been weaponizing municipal law, in a dual "approach way" like a Pincer movement: A. abuse its authorities to "enforce" The Municipal Code Compliance to enforces property maintenance by issuing a "condemned property" note "violating" safety code on African American community members, and on the other hand, B. prevent those members from fixing those code violation by refusing to issue entry pass, to fix safety issue and even refuse to issue entry pass to a licensed contractors to fix all code violation. While all his white-origin neighbors have holes in their roof, and unsafe structures visible from the public road, the city never takes or enforce any action. Plaintiffs allege that the city of Jacksonville, despite the fact the fact Plaintiffs installed a new roof and did exactly what he was asked to do including boarding the house and painting it, did anything of his power to maintain his house in good condition, spending tens of thousands of dollars as shown in letters from the city, the city has still come with the final punch: - not only the city demolish

his house illegally without properly registered notice in registered mail, but put a lien on the property without serving it to the Plaintiff. Plaintiff only knew about the Lien from an online search. Plaintiffs further allege that Defendants' policies, practices, and decisions—all arising from the "Enforce on Black-only policy" they established and enforced—had a impact upon them based on their national origin, African American.

4. The property owned by the Plaintiff, had 2 structures on it, a trailer, and a duplex house. The trailer was demolished by the Plaintiff himself at 2018 per the city demands (Case number 2018-70959). Despite that the city never demolished the trailer, the city has put a lien on the property using this file name for work they never did on the trailer. On top of that, the city has demolished the house (duplex) that had nothing to do with the trailer. (Conveniently mixing the duplex case number (2022-8565469), that initial notice to correct was sent on Feb 7, 2022, and was fixed by the Plaintiff the same week!!!

5. On 10/7/2020 city inspector Joshua Gideon, inspected the new roof, and found it in compliance with the code and sign a document stating: "This certifies that the referenced building or portion thereof, as noted above, has been inspected and found in compliance with the requirements of the Florida Building Code and with the City of Jacksonville Municipal Code regulating building construction and use, and is hereby issued a Certificate of Completion".
In other words, the same city official who signed the document that the roof is in compliance was the same person who signed the demolition certificate of completion.

6. "Cook the Book" claim: City records on Building inspection divisions show, that the real cost for this unlawful demolition was $3,950 but the city has put a lien in the amount of $20,159.35!!! Building inspection divisions permit records to show the following: (ARWOOD INC.- $2,300), 2nd bill from Arwood Inc is $650

3

for plumbing disconnect of pipe that never exists, (Arwood Inc is a waste collection company, how did they get plumbing permit? P-22-495999.000), and Septic Tank Phase Out/.Water & Sewer permit for $1,000. A demand for criminal investigation was sent to the US department of justice.

7. The same city official, Mr. Michael Chao, who the Plaintiffs met personally and ask him for an "Entry pass" to fix all code violations, and denied him his constitutional right to fix his own property is the same person who signed the lien and sent it to the "WRONG ADDRESS". (conveniently "forgot" the correct address, despite having the correct address on record, until the day of this action the city never served the plaintiff any lien as required by the law).

8. Plaintiffs allege that his constitutional right to fix and maintain his property supersedes any municipal law, and deprivation of his right by refusing to issue "entry pass" to his own property to fix it, is unlawful.
The city of Jacksonville is liable for its official  misconduct and numerus violations of federal laws.

9. Plaintiffs seek injunctive and declaratory relief, compensatory damages, punitive damages, liquidated damages, destruction of this house, loss of rent, pain and suffering, loss of income due unnecessary construction, and reasonable attorneys' fees and costs as remedies for Defendants' violations of their rights of the amount of $100,000,000.00  (100 million dollars).

## II.    THE PARTIES

6.      Plaintiff is a hard working citizen, never been convicted of any crime, just small business owner, in summery hard working person- just with the wrong skin color.

7.      Defendants city of Jacksonville  are liable for the acts of their agents

4

and employees as set forth below.

### III.   JURISDICTION AND VENUE

8.   This Court has jurisdiction of Plaintiffs' federal law claims pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law.

9.   This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiffs' state law claims share all common operative facts with their federal law claims, and the parties are identical. Resolving Plaintiffs' federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

10.   Venue is proper in, and Defendants are subject to the personal jurisdiction of, this Court because Defendants maintain facilities and business operations in this District, and all or most of the events giving rise to this action occurred in this District. 28 U.S.C. § 1391(b); 42 U.S.C. § 2000e-5(f)(3).

11.   Plaintiffs allege that in other cases of code enforcement, on property predominantly owned by white owners- the city did not enforce any action, despite dangerous condition visible from main road to the neighborhood, and even when they were forced to take action - they never inflated the number by x5 as they did in his case- just because of his skin color.

12.   As a direct, legal and proximate result of Defendants' reprisals, Plaintiffs have sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

13.   Plaintiffs are entitled to their reasonable attorneys' fees and costs of suit.

### PRAYER FOR RELIEF

COMPLAINT FOR THE ENFORCEMENT ACT OF 1871

WHEREFORE, Plaintiffs pray for relief as follows:

1.    For a declaration that Defendants' actions, policies, and practices as alleged herein are unlawful;

2.    For reinstatement; loss of rent, loss of 2 hoses(duplex) unlawfully demolished, loos of property value

3.    For lost wages and all other compensation denied or lost to Plaintiffs by reason of Defendants' unlawful actions, in an amount to be proven at trial;

4.    For compensatory damages for Plaintiffs' emotional pain and suffering, in an amount to be proven at trial;

5.    For punitive damages in an amount to be determined at trial;

6.    For liquidated damages;

7.    For interest on lost wages, compensation, and damages, including pre- and post-judgment interest and an upward adjustment for inflation;

8.    For an order enjoining Defendants from engaging in the unlawful acts complained of herein;

9.    For reasonable attorneys' fees and costs of suit.

10.    For such other and further relief as this Court deems just and proper.


Dated: May 27, 2022                    Respectfully submitted,

                              By: _____
                                   SPIRES JOE
                                   5582 SWAMP FOX RD
                                   JACKSONVILLE, FL 32210
                                   Telephone:  (904) 568-4053
                                   (Non represented Plaintiff)


6

COMPLAINT FOR THE ENFORCEMENT ACT OF 1871

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all causes of action and claims to which they have a right to a jury trial.

Dated: May 23, 2022

Respectfully submitted,

By:  SPIRES JOE
5582 SWAMP FOX RD
JACKSONVILLE, FL 32210
Telephone:  (904) 568-4053
*(Non represented Plaintiff)*

8

COMPLAINT FOR THE ENFORCEMENT ACT OF 1871

**"Code the Book" of African American community members in white neighborhoods** City records on Building inspection divisions show, that the real cost for this unlawful demolition was $3,950 but the city has put a lien in the amount **of $20,159.35!!!**

